IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-188-L** |
| | § | |
| PERKESHIA A. BONNER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the United States' Motion for Default Judgment, filed April 8, 2015. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** the United States' Motion for Default Judgment.

**I.    Background**

The United States ("Plaintiff" or "United States") filed Plaintiff's Complaint ("Complaint") on January 20, 2015, against Perkeshia A. Bonner ("Defendant" or "Bonner"). This action arises from the failure of Bonner to make the required payments on loans she obtained in March 1998 ("March loan") and September 1998 ("September loan").

The March loan was disbursed for $832 on March 24, 1998, at a variable rate of interest to be established annually. The loan was made by the Department of Education under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a *et seq.* (34 C.F.R. Part 685). After demand of payment by the United States, Bonner defaulted on this loan on February 15, 2010.

The September loan was disbursed for $1,750 on November 13, 1998, at a variable rate of interest to be established annually. The loan was made by the Department of Education under the

**Memorandum Opinion and Order – Page 1**

William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a *et seq.* (34 C.F.R. Part 685). After demand of payment by the United States, Bonner defaulted on this loan on February 15, 2010.

Bonner was served with a copy of the summons and Complaint on March 7, 2015. She was required to answer or otherwise respond to the Complaint by March 30, 2015, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, Bonner has not answered or otherwise responded to the Complaint.

On April 7, 2015, the United States requested the clerk of court to enter a default against Bonner, and the clerk made an entry of default against Bonner the same day. Plaintiff now requests the court to enter a default judgment against Bonner and award it damages and applicable interest as a result of her default.

**II.     Discussion**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Bonner. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Bonner, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which

the court accepts as true, and the record in this action, the court determines that Bonner is in default and that the United States is entitled to a default judgment and appropriate damages.

Based on the record, the total amount that Bonner owed the United States as of July 17, 2014, on the March loan was $1,451.92 ($1,239.91 in principal and $212.01 in interest); and the total amount owed on the September loan was $2,598.20 ($2,301.19 in principal and $297.01 in interest) for total amount of $4,050.12 on both loans. Interest accrues on the principal at the rate of $.26 per day. The number of days from July 17, 2014, to April 15, 2015, is 272, which results in additional interest in the amount of $70.72. Therefore, the total amount of judgment to which the United States is entitled is **$4,120.84**.

### III. Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant the amount of **$4,120.84**. The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 15th day of April, 2015.

_____
Sam A. Lindsay
United States District Judge